# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO
_____

**UNITED STATES OF AMERICA,**

    **Plaintiff/Respondent,**

**vs.**                                                                                                 No. CV 05-761 LH/RHS
                                                                                                      CR 00-557 LH

**JAMES EARL MERIDYTH,**

    **Defendant/Movant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION REGARDING MOTION FOR CONSIDERATION

      THIS MATTER comes before the Court upon Movant James Meridyth's "Motion for Consideration on Terrorists Information" ("Motion for Consideration") file-stamped December 27, 2005 **[Doc. 15]**. The Respondent, Government, has not filed a response to the motion.

      In his motion, Mr. Meridyth asserts that "on or about September 13, 2001," he provided "important information regarding . . . terrorists" to two FBI agents. (Motion to Amend at 3.) Mr. Meridyth alleges that the FBI agents assured him that "they would contact the U.S. Attorney office and make sure that I would get credit for all the important information that I gave them." (Id.) However, Mr. Meridyth argues that "because of my attorney Mr. David Norvell being ineffective assistance of counsel, I did no[t] receive any creidt [sic] from the" government. (Id.) Mr. Meridyth requests the Court "to please add this issue to my 2255 motion." (Id. at 4.) Because Movant seeks to add an issue to his original motion filed pursuant to 28 U.S.C. § 2255, the Court construes his request as a motion to amend.

      Following a jury trial, Mr. Meridyth was convicted of several drug-related charges on January 25, 2001. (See Petitioner's Response to the Government's Response to Vacate, Set

Aside or Correct Sentence Pursuant to Title 28 U.S.C. Section 2255 Filed on August 15, 2005, filed January 6, 2005 **[Doc. 16]** at 1-2.)  Mr. Meridyth was sentenced on March 13, 2003.  (See id. at 2.)  Following an appeal, the United States Court of Appeals for the Tenth Circuit affirmed Mr. Meridyth's convictions on April 13, 2004.  (See id.)  Thus, Mr. Meridyth's Motion for Consideration, file-stamped on December 27, 2005, was submitted well beyond the one year limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[1]

      Mr. Meridyth alleges that he could not include this issue in his original § 2255 motion "because other inmates are helping me with my (2255) motion and if the wrong one gets this information it would put my life in danger."  (Id. at 3.)  The Court finds that Mr. Meridyth's vague speculation fails to satisfactorily explain his failure to raise the issue before the one year limitations period expired.  Moreover, "an untimely amendment to a § 2255 motion which, by way of additional facts, clarifies or amplifies a claim or theory in the [original motion] may . . . relate back to the date of [the original motion] *if and only if* the [original motion] was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case."  United States v. Espinoza-Saenz, 235 F.3d 501, 503 (10th Cir. 2000) (emphasis added) (quoting United States v. Thomas, 221 F.3d 430, 431 (3d Cir. 2000)).

      The new and additional ground of ineffective assistance of counsel described in Mr. Meridyth's Motion for Consideration does not arise out of the same set of facts and allegations that form the basis of Mr. Meridyth's claims in either his original § 2255 motion or in his motion

---

[1] The one year limitations period began when Mr. Meridyth's convictions became "final" on approximately July 12, 2004 and, barring tolling, ended on approximately July 12, 2005.

2

to supplement.[2] Indeed, the allegations in the Motion for Consideration bear little relationship to those contained in any of Mr. Meridyth's prior submittals. Under the circumstances, the "relation back" provision of FED. R. CIV. P. 15(c) "cannot be applied to save [Movant's] . . . ineffective assistance of counsel claims" raised in the Motion for Consideration. Espinoza-Saenz, 235 F.3d at 505. Accordingly, Mr. Meridyth's motion to amend should be denied.

Finally, to the extent that Mr. Meridyth attempts to raise one or more new claims as the basis of a § 2255 motion, the Court also construes the Motion for Consideration as a second or successive § 2255 motion. However, in order to file a second or successive § 2255 motion in this Court, a movant must obtain prior authorization from the United States Court of Appeals for the Tenth Circuit. See 28 U.S.C. § 2255; Daniels v. United States, 254 F.3d 1180, 1186 (10th Cir. 2001) (stating that a petitioner seeking to file a second or successive habeas must "apply directly to the court of appeals, which applies the proper AEDPA substantive standard and then grants or denies" permission to proceed). Thus, Mr. Meridyth's motion should be transferred to the Tenth Circuit for consideration as a second or successive § 2255 motion.[3]

**Recommendation**

---

[2] In his original § 2255 motion and his motion to supplement, Mr. Meridyth alleges that counsel rendered ineffective assistance for failing to do the following: object to the introduction of certain evidence, investigate and research the law, offer certain evidence, hold a competency hearing before trial, inquire into and investigate competency issues, recommend an independent psychiatrist, and present a diminished capacity defense. (See Memorandum of Law to Support Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 **[Doc. 1]**; [Motion] Seeking Permission to [sic] Leave to File a Pro-Se Supplemental Motion to Vacate, Set Aside or Correct Sentence 28 U.S.C. § 2255 **[Doc. 6]**.)

[3] "[W]hen a second or successive petition for habeas corpus relief under § 2254 or a § 2255 motion is filed in the district court without the required authorization by this court, the district court should transfer the petition or motion to this court in the interest of justice pursuant to [28 U.S.C.] § 1631." Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997).

The Court recommends that Mr. Meridyth's Motion for Consideration on Terrorists Information **[Doc. 15]** be **denied** as a motion to amend and **transferred** to the United States Circuit Court of Appeals for the Tenth Circuit for consideration as a second or successive § 2255 motion.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE